UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, CDCR #F-73072,<br><br>                           Plaintiff,<br><br>vs.<br><br>J. ALVAREZ, Correctional Officer;<br>SOTO, Correctional Officer;<br>J. NEVAREZ, Correctional Officer;<br>HOUGH, Correctional Officer,<br><br>                           Defendants. | Case No.: 3:17-cv-01533-JAH-WVG<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

ALLEN HAMMLER ("Plaintiff"), proceeding pro se and while incarcerated at California State Prison, Sacramento ("SAC"), in Represa, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff claims several Correctional Officers at Richard J. Donovan Correctional Facility ("RJD") in San Diego violated his Eighth Amendment rights by employing excessive force against him while he was incarcerated there on October 20, 2016. *See* Compl., ECF No. 1 at 1-2, 3, 14.[1]

---

[1] The Court takes judicial notice that Plaintiff has another civil rights action currently pending before Judge Battaglia in *Hammler v. Aviles*, S.D. Cal. Civil Case No. 3:17-cv-01185-AJB-WVG ("*Aviles*").

1

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2)*; Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, nor has he filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to

---

*See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). While *Aviles* also involves an alleged incident of excessive force at RJD, the two cases appear unrelated insofar as they involve different correctional officer defendants and allege separate causes of action arising more than two weeks apart. *See Aviles*, ECF No. 1 at 1, 3-9.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

The Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."[3] If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: September 25, 2017

HON. JOHN A. HOUSTON
United States District Judge

---

[3] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").