| | |
|---|---|
| ALLEN HAMMLER,<br>CDCR #F-73072,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>J. ALVAREZ, Correctional Officer;<br>SOTO, Correctional Officer;<br>J. NEVAREZ, Correctional Officer;<br>HOUGH, Correctional Officer,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-01533-JAH-WVG<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 7]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER ("Plaintiff"), currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff claims Defendants Alvarez, Soto, Nevarez, and Hough, all Correctional Officers at Richard J. Donovan Correctional Facility ('RJD") in San Diego, California, used excessive force against him while he was incarcerated there on October 20, 2016, in violation of the Eighth Amendment. *See* Compl., ECF No. 1 at 1-15, ¶¶ 1-28. Plaintiff

alleges to have exhausted available administrative remedies "up and through the Third Level of Review" via CDC 602 Log No. RJD-B-16-04421, his Complaint is verified under penalty of perjury, and he seeks $300,000 in general and punitive damages. *Id.* at 15-16, 18.[1]

Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a) (ECF No. 7).

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28

---

[1] The Court takes judicial notice that Plaintiff has another civil rights action currently pending before Judge Battaglia in *Hammler v. Aviles*, S.D. Cal. Civil Case No. 3:17-cv-01185-AJB-WVG ("*Aviles*"). *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). While *Aviles* also involves an alleged incident of excessive force at RJD, the two cases appear unrelated insofar as they involve different correctional officer defendants and allege separate causes of action arising more than several weeks apart. *See Aviles*, ECF No. 1 at 1, 3-9.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at KVSP. *See* ECF No. 7 at 4-8; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried no average monthly balance, has had no monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, and, consequently, had no available balance on the books at the time of filing. *See* ECF No. 7 at 4, 7. Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

///

1 | Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 7), declines to exact any initial filing fee because his prison certificate indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

///

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pleaded, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state excessive force claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[3] *See Wilhelm,* 680 F.3d at 1123; *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

Therefore, the Court will order the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

///

///

---

[3] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 7);

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, *see* S.D. CAL. CIVLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

5) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

6) **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive

6

the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

7) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or Defendants' counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: February 13, 2018

_____
HON. JOHN A. HOUSTON
United States District Judge

7

3:17-cv-01533-JAH-WVG